```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

    Plaintiff,

v.                                 Case No.  8:10-cv-2613-T-33AEP

SOUTH LAKELAND AIRPORT, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to South Lakeland Airport's Motion to Set Aside Default (Doc. # 17) as well as South Lakeland Airport's Answer and Affirmative Defenses (Doc. # 18), each filed on July 12, 2011. Old Republic National Title Insurance Company filed a Memorandum in Opposition to the Motion (Doc. # 19) on July 22, 2011. After due consideration, the Court denies the Motion.

## I.  Procedural History

Old Republic, a Minnesota title insurance company, filed this insurance action seeking declaratory relief against South Lakeland Airport on November 19, 2010. (Doc. # 1). Old Republic alleged in the complaint that South Lakeland Airport, a Florida corporation, filed a title insurance claim with Old Republic that was subject to exclusion pursuant to the applicable title insurance policy. Id. at ¶ 14. Old Republic

sought an order declaring that Old Republic had no obligation to defend or indemnify South Lakeland Airport with respect to a State court lawsuit filed against South Lakeland Airport. Old Republic also requested an order finding its denial of South Lakeland Airport's title claim to be just and appropriate under the terms of the applicable title insurance policy and granting Old Republic its attorney's fees and costs.

On December 15, 2010, Old Republic filed return of service documents showing that it served the summons and complaint on South Lakeland Airport through South Lakeland Airport's registered agent. (Doc. # 5). South Lakeland Airport failed to respond to the complaint, and Old Republic filed a motion for entry of Clerk's default on January 11, 2011. (Doc. # 8). The Clerk appropriately entered a default against South Lakeland Airport on January 12, 2011, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. # 9). Thereafter, on January 18, 2011, Old Republic filed a motion for default judgment against South Lakeland Airport. (Doc. # 10).

On January 25, 2011, Jayson O. Myers, Esq. filed a notice of appearance on behalf of South Lakeland Airport (Doc. # 11) and a motion for an extension of time to respond to the motion

for default judgment (Doc. # 12). On January 26, 2011, the Court entered an Order granting the requested extension of time, giving South Lakeland Airport until and including February 8, 2011, to respond to the motion for default judgment. (Doc. # 13). Notwithstanding the Court's extension of time, South Lakeland Airport did not file a timely response to the motion for default judgment.

Accordingly, on February 15, 2011, this Court granted Old Republic's motion for default judgment. (Doc. # 14). The Clerk entered a Default Judgment (Doc. # 15) against South Lakeland Airport on February, 15, 2011, and thereafter closed the case. Copies of the February, 15, 2011, Order and Default Judgment were submitted to South Lakeland Airport's counsel, Jayson O. Myers, Esq. by the Clerk on February, 15, 2011.

Nearly five months later, on July 12, 2011, South Lakeland Airport filed the present Motion to Set Aside Entry of Default, which is ripe for the Court's review.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(c), "The court may set aside an entry of default for good cause, and it may set aside default judgment under Rule 60(b)." Since a default judgment has been entered against South Lakeland Airport, the more stringent standard set forth in Rule 60(b)

applies. Rule 60(b)(1), Fed.R.Civ.P., allows the Court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect" by the moving party. To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(internal quotation and citation omitted).

### III. Analysis

#### A. No Meritorious Defense

South Lakeland Airport contends that it has a meritorious defense because "the underlying lawsuit giving rise to the title claim that is the subject matter of this case, does not fall under the policy exceptions found in the title policy at issue." (Doc. # 17 at 7). South Lakeland Airport further remarks that "these exceptions are carefully worded and are extremely specific as to various property rights pertaining to specific parcels of land." Id. In its proposed affirmative defenses, South Lakeland Airport tends to argue that "property transferred by Quit-Claim Deed[,] such as the property

4

disputed in the Lawsuit" is not covered by the relevant policy exceptions. (Doc. # 18 at 5).

Old Republic counters that South Lakeland Airport's proffered meritorious defense is deficient and factually unsupportable as follows:

> [South Lakeland Airport] makes a blanket, factually unsubstantiated statement that the Policy exceptions somehow do not apply to property transferred by quit-claim deed. That is its only proposed defense. [Old Republic] knows of no facts or laws that support such a reading nor has [South Lakeland Airport] provided any to this Court. A quit-claim deed transfers property rights without limitation. The only difference between a quit-claim deed and a warranty deed, for example, is that the grantor is not warranting the rights transferred. Quit-claim deeds in no way limit the ability of a grantor to transfer easement rights. See e.g., 19 Fla. Jur. 2d Deeds § 156, "A quitclaim deed, unless a contrary intent appears, passes all the right, title, and interest which the grantor has at the time of making the deed, which is capable of being transferred by deed, and nothing more."

(Doc. # 19 at 7).

Although South Lakeland Airport has supplied the Court with excerpts from the applicable insurance policy, copies of various quit-claim deeds, items of correspondence, and the declaration of its Vice President Theresalynne Kurtz, the Court determines that South Lakeland Airport has failed to provide the Court with the indicia of a meritorious defense.

As explained in Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986), the moving party "must make an affirmative showing of a defense that is likely to be successful." The moving party must establish a meritorious defense "by a clear and definite recitation of the facts." Gibbs v. Air Canada, 810 F.2d 1529, 1538 (11th Cir. 1987).

The Court agrees with Old Republic that "[t]he affirmative defenses raised by [South Lakeland Airport] are simply conclusory statements unsupported by plausible allegations of fact. [South Lakeland Airport] has not offered any facts or arguments to explain how its defenses are likely to succeed." (Doc. # 19 at 8).

The Court finds that South Lakeland Airport has failed to present a meritorious defense and, therefore, the Court would be justified in ending its analysis here. However, in an effort to fully address each issue presented, the Court will continue its analysis to address whether granting the Motion would prejudice Old Republic and whether South Lakeland Airport has provided a good reason for failing to respond to the complaint.

**B. Prejudice to Old Republic**

"To establish mistake, inadvertence, or excusable neglect

6

under Rule 60(b)(1), a defaulting party must [also] show that . . . granting the motion would not result in prejudice to the non-defaulting party." In re Worldwide Web Sys., Inc., 328 F.3d at 1295. Without any supporting case law, South Lakeland Airport argues that Old Republic would not suffer any prejudice if this Court were to set aside the default judgment.

In contrast, Old Republic contends that it would suffer significant prejudice if this Court were to set aside the default judgment in light of the nearly five-month delay between the entry of default judgment and the filing of present Motion. See Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 935 (11th Cir. 2007)(finding prejudice where defendant did not move to set aside default judgment until "over three and a half months after it was served with process, and over one month after the default judgment was entered"). Due to the substantial delay between the entry of default judgment and the instant Motion, the Court finds that Old Republic would experience prejudice if the default judgment were set aside.

    **C.** **No Good Reason for Failure to Respond to Complaint**

Finally, in order to establish mistake, inadvertence, or excusable neglect, the defaulting party must prove that a good

reason existed for its failure to respond to the complaint. In re Worldwide Web Sys., Inc., 328 F.3d at 1295. South Lakeland Airport's arguments concerning whether its failure to respond to the complaint should be excused are unavailing. South Lakeland Airport attributes its failure to respond to the complaint to a lack of adequate legal representation. South Lakeland Airport submits that it "is a victim of its own legal ineptitude and limited financial resources." (Doc. # 17 at 4). The Court is wholly unpersuaded by South Lakeland Airport's arguments.

A close reading of South Lakeland Airport's arguments shows that it did not take advantage of the ample opportunities it had to defend against this action. South Lakeland Airport asserts in its Motion that it assumed that its usual counsel, R. Patrick Phillips, Esq., would file a response to the complaint. (Doc. # 17 at 4). However, "Mr. Phillips informed Defendant, first by phone, then by letter, that he would be unable to represent it in this matter." Id. South Lakeland Airport searched for another attorney to represent it, and "it was not until January 25, 2011, that Defendant's current representation was finally engaged. It was around that time that Defendant became aware of the entry of default." Id.

The record reflects that on January 25, 2011, Attorney Myers entered an appearance on behalf of South Lakeland Airport and filed a motion for an extension of time to respond to the motion for default judgment. (Doc. ## 11, 12). The Court granted the extension motion; however, Attorney Myers failed to respond to the motion for default judgment. There is no reason set forth in the present Motion explaining why Attorney Myers failed to respond to the motion for default judgment prior to the Court granting default judgment and the Clerk's corresponding entry of default judgment.

To the extent that South Lakeland Airport blames its current predicament on its chosen counsel, the Court find such argument fruitless. As stated in <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 633-34 (1962):

> [Defendant] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

<u>Id.</u>

Here, South Lakeland Airport has failed to demonstrate any facts upon which the Court could find excusable neglect. As held in <u>Gibbs</u>, 810 F.2d at 1537, "Default that is caused by the movant's failure to establish minimum procedural

safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect."

In addition, South Lakeland Airport's remark that it did not act in bad faith or willfully does not change the course of the Court's analysis. As aptly stated by the court in Weingarten v. Campagna, 178 B.R. 283, 285 (Bankr. M.D. Fla. 1995), "the Eleventh Circuit does not require culpable or willful conduct on the part of the defendant to deny a motion to set aside default." Rather, "where a party offers no good reason for the late filing of an answer, entry of default is appropriate and it would be an abuse of discretion to set aside a default judgment where no good reason has been offered for the default." Id.

Case law is clear that South Lakeland Airport presumptively received all of the documents in this case, including the summons and the complaint, the motion for Clerk's default, entry of the Clerk's default, the extension motion, the Court's order granting the finite extension, and the motion for default judgment. Konst v. Fla. E. Coast R.R. Co., 71 F.3d 851, 851-855 (11th Cir. 1996) (noting "[t]he common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee," and

"[t]here is a presumption that officers of the government perform their duties"); <u>Barnett v. Okeechobee Hosp.</u>, 283 F. 3d 1232, 1239-42 (11th Cir. 2002) (holding that the defendant presumptively received a document mailed to it). South Lakeland Airport failed to provide an explanation for why its counsel did not respond to the motion for default judgment.

Thus, the Court determines that South Lakeland Airport has failed to satisfy the final factor--"good reason"--required to establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1). <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d at 1295.

**IV. <u>Conclusion</u>**

The Court recognizes that "there is a strong policy of determining cases on their merits." <u>Sloss</u>, 488 F.3d at 934. However, this Court must also consider the interests of finality as well as practical concerns. As stated in <u>African Methodist Episcopal Church, Inc. v. Ward</u>, 185 F.3d 1201, 1203 (11th Cir. 1999):

> [I]nherent in the adversary system of justice is the idea that each side ought to be heard prior to a court's entry of final judgment. However, that same system requires that the court have the power to compel parties to appear before it. The threat of default (and default judgment) is the court's primary means of compelling defendants in civil cases to appear before the court. If these defaults could be put aside without cause, the threat of default would be meaningless, and courts would lose

11

much of their power to compel participation by civil defendants.

Id.

Further, as indicated in Sloss, "time matters when one seeks to set aside a default" and the "longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment." 488 F.3d at 935. Here, South Lakeland Airport failed to provide a compelling reason for its failure to timely respond to the complaint, and the present Motion was filed nearly five months after the entry of the Court's final judgement. Under the facts presented, the Court denies the Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

South Lakeland Airport's Motion to Set Aside Entry of Default (Doc. # 17) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of August, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel and Parties of Record